

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GERALD WILLIAMS, | § | |
| Petitioner, | § | |
| v. | § | 2:14-CV-0171 |
| LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody alleging the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) has confined him past his discharge date by illegally denying him time credit.[1] For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

## I.
## PROCEDURAL HISTORY

Petitioner was charged in Hill County, Texas with the offense of aggravated assault with

---

[1] Petitioner originally filed a handwritten petition in the United States District Court for the Northern District of Texas, Dallas Division and a Notice of Deficiency was entered for failing to use a form petition. The Court provided petitioner with form petitions for both 28 U.S.C. §2241 and 28 U.S.C. §2254 claims. Petitioner filed both form petitions making the same challenges. Those form petitions were both transferred to this Court. The nature of petitioner WILLIAMS's confinement is as a state prisoner in custody pursuant to the judgment of a state court and therefore his claims shall be construed as arising under 28 U.S.C. §2254.

HAB54\R&R\Williams-Ger171.DNY-TIMEDSCHG:1

a deadly weapon, enhanced. On December 21, 2006, he entered a plea of no contest and pursuant to a plea bargain, the trial court entered an order placing petitioner on deferred adjudication probation for a period of ten years. The trial court included in the order as a term of his plea bargain, that the deferred adjudication probation was to run concurrent to a state jail felony conviction for possession of a controlled substance and the two-year sentence imposed. Petitioner was received by TDCJ on his two-year sentence on January 19, 2007 with a sentence begin date of October 20, 2006. [Dkt. 25-1 at 3]. While serving the two-year sentence petitioner was convicted out of Bosque County, Texas for possession of a controlled substance and on February 12, 2008 was given a six-year sentence with a sentence begin date of December 1, 2006. [*Id.*]. On October 18, 2008 while in TDCJ custody, petitioner WILLIAMS discharged his two-year state jail felony conviction and sentence. [*Id.*]. He apparently remained in custody on the Bosque County sentence and on July 24, 2009, petitioner was released to mandatory supervision on the six-year Bosque County conviction. On November 30, 2012, while on mandatory supervision, petitioner WILLIAMS discharged his six-year Bosque County sentence. [*Id.*]. Petitioner's 2006 deferred adjudication probation was still in effect when he discharged these two controlled substance convictions. That deferred adjudication probation was ultimately revoked and Judgment adjudicating guilt was entered on October 17, 2013 at which time petitioner WILLIAMS was sentenced to five years in prison with a sentence start date of September 23, 2013. [Dkt. 20-8 at 72-73].

Petitioner unsuccessfully challenged the time credited to him in the trial court and also sought administrative relief through the TDCJ Time Dispute Resolution process. [Dkt. 20-8 at 75-77, 110]. Petitioner filed two state habeas applications related to this federal habeas

application in February of 2014. The first related to his possession of a controlled substance conviction and was dismissed on May 21, 2014 by the Texas Court of Criminal Appeals because petitioner had discharged that sentence. [Dkt. 20-2 at 1]. The second state habeas application was also dismissed the same day because petitioner was seeking pretrial jail time credit. [Dkt. 25-2 at 2].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner claims as grounds for relief that he has been denied flat time credits resulting in his incarceration past his discharge date.

## III.
## PETITIONER'S CLAIMS ARE WITHOUT MERIT

Petitioner initially appears to argue that he is entitled to credit for time served on his state jail felony possession of a controlled substance offense. As best the Court can determine, petitioner wants the approximately two-year sentence to be credited against his 2013 five-year sentence. Petitioner, however, had not yet received the five-year sentence when he was serving the two-year state jail sentence from October 2006 until October 2008. The five-year sentence he is now serving was not pronounced until October 2013.

The fact that petitioner was on deferred adjudication probation when and while he was serving his two-year state jail sentence does not entitle him to any credit against the five-year sentence imposed when his deferred adjudication probation was revoked. As respondent argues, Texas law prohibits credit for time served for the period of time a petitioner was on probation and not in custody once his probation is revoked. Although petitioner was incarcerated for a

period of time (October 2006 - July 2009) during the time he was on deferred adjudication probation, such term of imprisonment was for other convictions (the state jail felony and Bosque County offense) and consequently he is not entitled to credit for that time upon the revocation of his deferred adjudication probation and the imposition of a final judgment and sentence related thereto. *Gee v. Stephens*, 2013 WL 5651057 at *3 (N.D. Tex. Oct. 16, 2013). *See Collins v. State*, 318 S.W.3d 471, 473 (Tex. App.—Amarillo 2010, pet. ref'd)([T]he credit at issue relates not just to any time the defendant spent incarcerated before conviction. Rather, it is the time one is incarcerated for the case in which he is ultimately tried and convicted.).

Petitioner also argues in his federal habeas petition that he is entitled to the time he spent in the court ordered Cenikor program. This claim is also without merit. At the time petitioner was placed on deferred adjudication probation on December 21, 2006, the law in effect precluded credit for time spent in residential treatment while on supervised release. Although the law was subsequently changed, the new law, as presented by respondent, only applied to those initially placed on community supervision after September 1, 2007. *Perez v. State*, 2013 WL 5614319, at *2 (Tex. App.—Amarillo Oct. 11, 2013, no pet.).

To the extent petitioner claims he is entitled to credit against his current five year sentence for time he served while on deferred adjudication probation, his claim is without merit. Petitioner received credit, against his deferred adjudication probation, for the time he spent in custody. Petitioner's deferred adjudication probation was set to expire in 2016. Petitioner's probation, however, was revoked in October 2013 and petitioner was sentenced to a new term of incarceration for five years which should expire on or about September or October of 2018. It appears petitioner has received all the credit to which he is entitled and he has not presented

a cognizable federal habeas claim. He certainly has not shown the state court decision denying relief was unreasonable.

Petitioner has presented nothing other than conclusory allegations, unsupported by evidence in the record, that he is entitled to credit for periods of flat time served prior to his 2013 aggravated assault sentence. Petitioner's bald assertions are too vague, conclusory and unsupported to be of probative evidentiary value in support of his claims. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir.2000) (citing *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.1983)). Petitioner's claims should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by petitioner GERALD WILLIAMS be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___19th___ day of July 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).